Fernando TORRES–ARIZA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 02–73535.

Agency No. A77–831–299.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Houston Pauw, Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Terri J. Scadron, Margot L. Nadel, U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, RYMER and HAWKINS, Circuit Judges.

### MEMORANDUM**

Fernando Torres–Ariza, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings. *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000). We grant in part and deny in part the petition for review, and remand for further proceedings.

■ The IJ's finding of no past persecution is supported by substantial evidence, but his finding that Torres–Ariza has no well-founded fear of future persecution is not. *See id.* at 935–36 (holding threats did

not establish past persecution, but did, in context, establish well-founded fear of future persecution). Torres–Ariza's evidence regarding death threats and a confrontation with his wife, in combination with declarations about the likelihood that drug traffickers in Colombia will execute threats against perceived informants, compels the finding that Torres–Ariza has a well-founded fear of future persecution. *See Marcos v. Gonzales*, 410 F.3d 1112, 1119 (9th Cir.2005) (holding informant had well-founded fear based on unfulfilled threats, in part because violent guerrilla group had "both the will and ability" to carry out death threats); *Lim*, 224 F.3d at 934–35 (holding alien had well-founded fear based on unfulfilled threats, in part because persecutors were "group that specializes in murder," and noting that a one-tenth possibility of persecution might effect a well-founded fear).

■ Although the IJ found that the persecution lacks a nexus to a protected ground, it is not clear from the IJ's decision whether he considered Torres–Ariza's claim that he will be persecuted on account of his family membership. This Court recently reconciled contrary lines of intracircuit authority in holding that a family may constitute a particular social group for purposes of asylum eligibility. *See Thomas v. Gonzales*, 409 F.3d 1177, 1187 (9th Cir. 2005) (en banc). Accordingly, we remand for consideration of whether Torres–Ariza's feared persecution is on account of his membership in a particular social group.

The record does not compel the conclusion that Torres–Ariza was targeted because of an imputed political opinion. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1030 (9th Cir.2000) ("While the guerrillas may have regarded [petitioner] as an informant, this is not akin to imputing a political belief to him.").

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The IJ's finding that Torres–Ariza does not meet the stringent standard for withholding of removal is supported by substantial evidence. *See Lim,* 224 F.3d at 938. We lack jurisdiction to review Torres–Ariza's claim under the Convention Against Torture because he failed to exhaust this claim. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1079 n. 5 (9th Cir.2004).

It is "unnecessary" for us to review the BIA's decision to streamline Torres–Ariza's appeal because we reached the merits of the IJ's decision. *Id.* at 1078 (quoting *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003)).

Torres–Ariza's voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; and REMANDED.**